STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
April 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DARRELL E. ROSE JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1381** (BOR Appeal No. 2047211)
                    (Claim No. 2011033417)

**COLUMBIA WEST VIRGINIA CORPORATION,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Darrell E. Rose Jr., by Kenneth J. Barnett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Columbia West Virginia Corporation, by Julia R. Callaghan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2012, in which the Board affirmed an April 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 12, 2011, decision suspending Mr. Rose's temporary total disability benefits as of July 14, 2011. The Office of Judges also affirmed the claims administrator's June 2, 2011, decision holding the claim compensable for a lumbar strain but denying the request to add cervical and shoulder pain as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rose worked for Columbia West Virginia Corporation. On February 21, 2011, Mr. Rose was pulling veneer strips off plywood when he felt a popping sensation in his lower back. Mr. Rose sought medical attention at Summersville Memorial Hospital where he was diagnosed with low back pain from twisting. An x-ray of his lumbar spine was taken at that time which was negative. An MRI was also taken of his lumbar spine which showed no herniated disc or spinal

canal stenosis. Mr. Rose then came under the care of R. W. Olsen, M.D., who found that he had an acute musculoskeletal strain. Dr. Olsen also stated that Mr. Rose should be off work until April 15, 2011. On June 2, 2011, the claims administrator held the claim compensable for a lumbar strain. The claims administrator also specifically denied the compensability of Mr. Rose's cervical and shoulder pain. A. E. Landis, M.D., then performed an independent medical evaluation of Mr. Rose and found that he had reached his maximum degree of medical improvement. Dr. Landis also found that Mr. Rose had initially complained of a low back injury but had subsequently complained of shoulder and neck pain. Dr. Landis determined that the additional conditions were not part of the compensable injury. On July 12, 2011, the claims administrator closed the claim for temporary total disability benefits based on Dr. Landis's report. After the claim was closed, Mr. Rose testified by deposition that he had been unable to return to work because of the compensable injury until September 23, 2011. Victor Poletajev, D.C., also evaluated Mr. Rose. He found that Mr. Rose had reached his maximum degree of medical improvement but believed that Mr. Rose suffered from radiculopathy, cervicalgia, and a thoracic strain as a result of the compensable injury. On April 26, 2012, the Office of Judges affirmed both of the claims administrator's decisions. The Board of Review affirmed the Order of the Office of Judges on October 24, 2012, leading Mr. Rose to appeal.

The Office of Judges concluded that Mr. Rose only suffered a lumbar strain as a result of the February 21, 2011, injury. The Office of Judges based this determination on the treatment records from Summersville Memorial Hospital immediately following the injury, which did not mention any additional complaints beyond low back pain. The Office of Judges also found that Dr. Olsen's treatment records made no mention of cervical or shoulder symptoms. The Office of Judges pointed out that Dr. Landis believed that Mr. Rose's cervical and shoulder pain were not related to the compensable injury. The Office of Judges considered Dr. Poletajev's report, but it indicated that Dr. Poletajev's findings were less reliable because he performed his evaluation nine months after the compensable injury. The Office of Judges also concluded that Mr. Rose had reached his maximum degree of medical improvement as of June 29, 2011, and that the claims administrator had properly closed the claim for temporary total disability benefits. The Office of Judges based this determination on the evaluation of Dr. Landis. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Rose has not presented sufficient evidence to demonstrate that he suffered a cervical and shoulder injury in the course of and as a result of his employment. The initial treatment records and diagnostic testing indicate that the only condition sustained as a result of the compensable injury was a lumbar strain. Dr. Poletajev diagnosed Mr. Rose with additional cervical and shoulder conditions. These diagnoses are not supported by any objective medical evidence and are inconsistent with the remainder of the record. Mr. Rose has also not demonstrated that he was entitled to additional temporary total disability benefits beyond when the claims administrator closed his claim. Dr. Landis's report demonstrates that Mr. Rose has reached the maximum degree of medical improvement with respect to his lumbar strain, and there is nothing in the record undermining the credibility of Dr. Landis's report. The Office of Judges was within its discretion in relying on Dr. Landis's opinion.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II